UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RASHIDE ALPHONSE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6133** |
| **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, ET AL.** | **SECTION: "I"(3)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Rashide Alphonse, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983.[1]  He sued the Louisiana Department of Public Safety and Corrections, Secretary James LeBlanc, Warden Robert Tanner, and Major Tim Crawford.  In this lawsuit, plaintiff claims that his right to due process was violated in a prison disciplinary proceeding.  As relief, he seeks $200,000.00 in damages.

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on July 17, 2018.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature

---

[1] In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983.

of a Fed. R. Civ. P. 12(e) motion for more definite statement.  Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).  Spears hearing testimony becomes a part of the total filing by the *pro se* applicant.  Id.

Based on plaintiff's complaint and Spears hearing testimony, the Court finds that he is making the following allegations in this lawsuit:

On November 28, 2016, plaintiff received a disciplinary write-up at the Allen Correctional Center alleging that he had engaged in aggravated fighting.  He was subsequently transferred to the Rayburn Correctional Center where a disciplinary hearing on the charge was held on December 16, 2016.  At that hearing, he pleaded not guilty and invoked the "72 Hour Rule."[2]  Major Crawford informed plaintiff that he could not invoke that rule because he had signed a waiver.  Plaintiff denied signing such a waiver, and no copy of the waiver was produced.  Nevertheless, he was convicted of the disciplinary charge and sentenced to the forfeiture of 90 days of "good time" and

---

[2] The Louisiana Administrative Code provides:

> i. Any offender who is placed in administrative segregation for a rule violation must be given a disciplinary hearing within 72 hours of being placed in administrative segregation.  Official holidays, weekends, genuine emergencies and good faith efforts by the administration to provide a timely hearing are the only exceptions.  The offender must be heard at the next available court date.  When it is not possible to provide a full hearing within 72 hours of placement in administrative segregation, the accused must be brought before the disciplinary board, informed of the reasons for the delay and remanded back to administrative segregation or released to his quarters after a date for a full hearing has been set.
>
> ii. The 72 hour rule does not apply to offenders housed in local jail facilities (including transitional work programs) whose hearings are conducted once they are transferred to a state correctional facility or those who have their disciplinary hearing conducted at a state correctional facility even if they are not transferred there. Offenders in this status have no expectation of a disciplinary hearing within 72 hours, or even seven days.
>
> iii. The 72 hour rule does not apply to those offenders who are placed in administrative segregation for reasons other than for a disciplinary hearing. Examples of these classifications include, but are not limited to:
>> (a). awaiting transfer to another facility or another housing unit within the facility;
>> (b). transitional work program or intake, etc.

La. Admin. Code tit. 22, pt. I, § 341(G)(3)(c).

confinement on Extended Lockdown Level 1. He appealed,[3] but his appeals were denied by Warden Tanner[4] and Secretary LeBlanc.[5] Plaintiff thereafter sought judicial review in the Louisiana Nineteenth Judicial District Court. That court issued a judgment in his favor, reversing his disciplinary conviction.[6] As a result of that judgment, his 90 days of "good time" were restored.

During the time plaintiff was confined on Extended Lockdown as a result of the disciplinary conviction, two of his family members died. Because of his custody status, he was not permitted to attend the funerals.

### I. Standards of Review

With respect to actions filed *in forma pauperis*, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Federal law also mandates that federal courts screen cases, such as the instant one, "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

---

[3] Rec. Doc. 1-2, pp. 2-3.
[4] Id. at pp. 5-6.
[5] Id. at p. 8.
[6] Id. at pp. 10-11.

>   (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[7] and fully considering his Spears hearing testimony, the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, for failing to state a claim upon which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

## II. Defendants

### A. Louisiana Department of Public Safety and Corrections

Plaintiff named the Louisiana Department of Public Safety and Corrections as a defendant in this lawsuit. However, that is improper, because state agencies are not "persons" subject to suit under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Hyatt v. Sewell, 197 Fed. App'x 370 (5th Cir. 2006); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir. 1992); Gabriel v. Gusman, Civ. Action No. 10-1688, 2010 WL 3169840, at *2 (E.D. La. July 16, 2010), adopted, 2010 WL 3175045 (E.D. La. Aug. 10, 2010); McGuire v. Lafourche Parish Work-Release Facility, Civ. Action No. 09-6755, 2009 WL 4891914, at *3 (E.D. La. Dec. 4, 2009).

Further, the Louisiana Department of Public Safety and Corrections is also an improper defendant for another reason. Pursuant to the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent." Rodriguez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir. 2000); see also U.S. Const. amend. XI. The United States Fifth Circuit Court of Appeals has explained:

> When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh

---

[7] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

5

> Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (citations and quotation marks omitted); accord Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir. 1999); Gabriel, 2010 WL 3169840, at *2-3; McGuire, 2009 WL 4891914, at *3-4.

## B.  Secretary LeBlanc, Warden Tanner, and Major Crawford

Plaintiff also named Secretary James LeBlanc, Warden Robert Tanner, and Major Tim Crawford as defendants in their **<u>official</u>** capacities.[8] That is likewise improper.

These defendants are state employees working at either the Louisiana Department of Public Safety and Corrections or the B.B. "Sixty" Rayburn Correctional Center, a prison operated by that department. See, e.g., Demouchet v. Rayburn Correctional Center, Civ. Action No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008). However, state employees sued in their official capacities for monetary damages likewise are not considered "persons" under § 1983. Will, 491 U.S. at 71; Stotter v. University of Texas, 508 F.3d 812, 821 (5th Cir. 2007); American Civil Liberties Union v. Blanco, 523 F. Supp. 2d 476, 479 (E.D. La. 2007); Tyson v. Reed, Civ. Action No. 09-7619, 2010 WL 360362, at *4 (E.D. La. Jan. 21, 2010); Searls v. Louisiana, Civ. Action No. 08-4050, 2009 WL 653043, at *6 (E.D. La. Jan. 21, 2009); Demouchet, 2008 WL 2018294, at *3. Additionally, because claims against state employees in their official capacities for monetary

---

[8] Rec. Doc. 1-1, p. 2.

6

damages are actually claims against the state itself, such claims are also barred by the Eleventh Amendment. Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Tyson, 2010 WL 360362, at *4; Searls, 2009 WL 653043, at *6; Demouchet, 2008 WL 2018294, at *3.

### III. Plaintiff's Claims

Out of an abundance of caution, the Court further notes than it is unnecessary to afford plaintiff an opportunity to amend his complaint to name a proper defendant because his underlying claims have no merit for the following reasons.

Plaintiff's claim that his right to due process was violated in the prison disciplinary proceedings is barred by Sandin v. Conner, 515 U.S. 472 (1995). In Sandin, the United States Supreme Court held:

> [W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84 (citations omitted). The Supreme Court further held that a prisoner's "discipline in segregated confinement [does] not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Id. at 486. The United States Fifth Circuit Court of Appeals has noted that after Sandin "it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the *duration* of confinement, will henceforth qualify for constitutional 'liberty' status." Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995) (emphasis added). Stated differently, the Fifth Circuit has observed that the liberty interests protected by the Due Process Clause are "generally limited to state created regulations or statutes which affect the

*quantity of time* rather than the *quality of time* served by a prisoner." Madison v. Parker, 104 F.3d 765, 769 (5th Cir. 1997) (emphasis added).

It is true that the punishment imposed in the instant case included a forfeiture of "good time," a fact which normally prevents a due process claim from being foreclosed by Sandin. See Madison v. Parker, 104 F.3d 765, 768-69 (5th Cir. 1997); Bean v. McConnell Unit, C.A. No. C-06-223, 2006 WL 2346295, at *3 (S.D. Tex. Aug. 11, 2006). However, during the judicial review process, plaintiff's disciplinary conviction and sentence were vacated. Because that judgment resulted in the restoration of his "good time," the duration of his confinement was not ultimately affected by the disciplinary proceedings. Therefore, Sandin applies, barring his claim. See, e.g., Harper v. Goodwin, 162 Fed. App'x 304, 305 (5th Cir. 2006); Theard v. Cain, 185 Fed. App'x 421, 422 (5th Cir. 2006); Espinoza v. Benoit, 108 Fed. App'x 869, 871 (5th Cir. 2004); Petitt v. Doughty, No. 00-40925, 2001 WL 803687 (5th Cir. Jun. 13, 2001); Spellmon v. Price, No. 95-20926, 1996 WL 625422, at *4 n.5 (5th Cir. Oct. 10, 1996); Collier v. Dunaway, Civ. Action No. 08-4264, 2008 WL 4809467, at *2 (E.D. La. Oct. 31, 2008); Goldman v. Stalder, Civ. Action No. 05-0466, 2007 WL 1521469, at *2 (W.D. La. May 2, 2007) (adopted by Hicks, J., on May 22, 2007); Bean, 2006 WL 2346295, at *3; Morgan v. Fisher, Civ. Action No. H-06-0440, 2006 WL 6599191, at *2 (S.D. Tex. Aug. 7, 2006); Luc v. Louisiana DPS&C, Civ. Action No. 05-4036, 2006 WL 1984634, at *6 (E.D. La. June 15, 2006), adopted, 2006 WL 1985979 (E.D. La. July 7, 2006).

Moreover, although plaintiff remained confined in Extended Lockdown during the disciplinary review process, Sandin still bars his claim because such confinement does not constitute an "atypical, significant deprivation." Sandin, 515 U.S. at 486; see Theard, 185 Fed.

App'x at 422; Petitt, 2001 WL 803687; Collier, 2008 WL 4809467, at *2; Goldman, 2007 WL 1521469, at *2-3.

Lastly, the Court notes that plaintiff complains that he was unable to attend the funerals of two family members due to his confinement on Extended Lockdown as a result of the disciplinary proceeding. However, Sandin likewise precludes that claim. See Cunningham v. LeBlanc, Civ. Action No. 11-564, 2013 WL 5774707, at *2-3 (W.D. La. Oct. 24, 2013); Roca v. Stalder, Civ. Action No. 07-511, 2008 WL 1994878, at *2 (M.D. La. May 8, 2008). Further, an inmate clearly has no federal statutory or constitutional right to attend a relative's funeral. Rathers v. Raney, No. 99-6627, 2000 WL 1871702, at *2 (6th Cir. 2000); White v. Terrebonne Parish Jail, Civ. Action No. 16-14115, 2016 WL 6471628, at *2 (E.D. La. Nov. 1, 2016); Billizone v. Jefferson Parish Correctional Center, Civ. Action No. 14-2594, 2015 WL 966149, at *9 (E.D. La. Mar. 4, 2015); Carlisle v. Rayburn Correctional Center, Civ. Action No. 07-451, 2007 WL 550054, at *2 (E.D. La. Feb. 16, 2007); Smith v. Tanner, Civ. Action No. 06-1413, 2006 WL 2850182, at *2 (E.D. La. Oct. 3, 2006).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed as frivolous, for failing to state a claim upon which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirty-first day of July, 2018.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**