**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RASHIDE ALPHONSE** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-6133** |
| **LOUISIANA DEP'T OF PUBLIC SAFETY & CORRECTIONS, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Rashide Alphonse's ("Alphonse") motion[1] to transfer him from the B.B. Rayburn Correctional Center to the Dixon Correctional Institute. For the following reasons, the motion is denied.

It is well settled that the due process clause does not, by itself, grant a prisoner a protected liberty interest in the location of his confinement. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Yates v. Stalder*, 217 F.3d 332, 335 (5th Cir. 2000); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). Furthermore, a prisoner has no liberty interest in being housed in any particular facility where the state statute vests discretion in the state officials to determine the placement of prisoners. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).

Louisiana Revised Statute § 15:824 authorizes the Department of Corrections (the "DOC") to decide which penal institution an inmate should be committed or transferred to, and the DOC has broad discretion as to the placement and transfer of state prisoners. *See Haynes v. Henderson*, 480 F.2d 550, 552 (5th Cir. 1973)

---

[1] R. Doc. No. 10.

(explaining that Section 824 "specifically provides that an adult prisoner shall not be committed to any particular institution," which "leaves complete discretion in the Louisiana Department of Corrections to decide in what institution a convicted adult offender shall serve his sentence of confinement"); see also *Sandifer v. Tanner*, No. 14-1670, 2015 WL 4168172, at *5 (E.D. La. Jul. 1, 2015) (Feldman, J.) and *Addison v. McVea*, No. 13-5264, 2014 WL 7137565, at *3 (E.D. La. Dec. 15, 2014) (Vance, J.) and the cases cited therein.

Louisiana has not created a protected liberty interest in being housed in a particular prison or being transferred from one prison to another. *Santos v. La. Dep't of Corrs. Sec'y*, No. 95-4215, 1996 WL 89260, at *4 (E.D. La. Feb. 28, 1996) (Sear, C.J.) (noting that Section 824 does not grant Louisiana Department of Corrections prisoners a constitutionally protected right to be housed in a particular facility); *see also State v. Sylvester*, No. 64-2343, p. 5 (La. App. 4 Cir. 12/15/94); 648 So. 2d 31, 33 ("The legislature . . . has manifested a clear intent to leave the physical placement of prisoners within the jurisdiction of the DOC alone.").

To the extent that Alphonse is concerned for his safety, such concerns are properly directed to the warden at the institution wherein he is confined. Accordingly,

IT IS ORDERED that the motion is **DENIED**.

New Orleans, Louisiana, September 5, 2018.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**